IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CHESAPEAKE CLIMATE ACTION NETWORK, et al., <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> *Respondent*. | No. 15-1192 |

**JOINT MOTION TO GOVERN FUTURE PROCEEDINGS**

Environmental Petitioners[1] and Respondent U.S. Environmental Protection Agency ("EPA") submit this unopposed motion to govern future proceedings in this case. Environmental Petitioners and EPA request that the Court continue to hold this case in abeyance, with new motions to govern due in ninety days. Counsel for intervenor has stated that it does not oppose this request.

In support of this motion, Environmental Petitioners and EPA further state:

---

[1] Environmental Petitioners are Chesapeake Climate Action Network, Clean Air Council, Downwinders at Risk, and Environmental Integrity Project.

1. In 2012, EPA adopted the mercury and air toxics standards for coal- and oil-fired power plants ("MATS rule"). 77 Fed. Reg. 9304 (Feb. 16, 2012). The MATS rule placed first-ever federal limits on hazardous air pollution emitted by coal- and oil-fired power plants. This case challenges EPA's denial of a petition to reconsider the stringency of a limit on particulate matter that the MATS rule adopted as a surrogate for direct limits on many metallic hazardous air pollutants that power plants emit, including lead, cadmium, and arsenic. *See* Pet. for Review, Dkt. 1560404.

2. On April 18, 2017, EPA moved to continue the scheduled oral argument in this case, citing its intent to review the prior finding that regulation of hazardous air pollution from power plants is "appropriate and necessary." EPA Mot., Dkt. 1671688. *See* 42 U.S.C. § 7412(n)(1)(A). On April 27, 2017, the Court granted EPA's motion to continue oral argument and ordered that this case be held in abeyance pending further order of the Court. Order, Dkt. 1672985. The Court ordered the parties to file motions to govern future proceedings within thirty days of EPA notifying the Court and the parties of its action with respect to the "appropriate and necessary" finding. *Id.*

3. On May 22, 2020, EPA published a final action entitled "National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units—Reconsideration of Supplemental Finding and Residual Risk and Technology Review," 85 Fed. Reg. 31,286 ("2020 Rule"). The 2020 Rule concluded that regulation of power plants' hazardous air pollution is not "appropriate" and declined to adopt certain changes to strengthen the MATS rule, but left the previously adopted standards in force. This rule was challenged by a number of parties. *See Am. Acad. of Pediatrics v. EPA*, Nos. 20-1221 (D.C. Cir.).

4. President Joseph R. Biden Jr. directed EPA to review the 2020 Rule through Executive Order 13990 on "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021).

5. On February 9, 2022, EPA published a proposal to revoke the finding in the 2020 rule that it is not appropriate to regulate power plants' hazardous air pollution, and to reaffirm the prior finding that it remains appropriate to regulate this pollution after considering cost. "National Emission Standards for Hazardous Air Pollutants: Coal- and

Oil-Fired Electric Utility Steam Generating Units—Revocation of the 2020 Reconsideration, and Affirmation of the Appropriate and Necessary Supplemental Finding; Notice of Proposed Rulemaking," 87 Fed. Reg. 7624 (Feb. 9, 2022). The proposal also solicited information on the performance and cost of new or improved technologies that control power plants' hazardous air pollution, improved methods of operation, and risk-related information. 87 Fed. Reg. 7624.

6. On March 6, 2023, EPA published the final rule entitled, "National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units-Revocation of the 2020 Reconsideration and Affirmation of the Appropriate and Necessary Supplemental Finding." 88 Fed. Reg. 13,956 (Mar. 6, 2023). Any petitions for review challenging the final rule were due sixty days after publication, 42 U.S.C. § 7607(b)(1), however no petitions were filed. In the final rule, EPA stated that it would, in a separate future action, provide notice of the results of its review of that portion of the 2020 Rule that declined to strengthen the MATS rule. 88 Fed. Reg. at 13,963.7.

4

8. On April 24, 2023, EPA published the proposed rule titled, "National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units Review of the Residual Risk and Technology Review." 88 Fed. Red. 24854 (April 24, 2023). The proposal sought to amend certain MATS requirements, including the surrogate standard for nonmercury metal HAP (filterable particulate matter) for existing coal-fired EGUs. Comments on the proposal were due on June 23, 2023. The final rule was published on May 7, 2024. 89 Fed. Reg. 38508. On May 8, the first of several challenges to the rule was filed. *North Dakota v. EPA*, No. 24-1119, Doc. No. 2053456 (D.C. Cir May 8, 2024).

8. Environmental Petitioners and EPA have asked the Court to keep this case in abeyance several times. In light of EPA's publication of the May 7, 2024 final rule and the various challenges to the rule, Environmental Petitioners and EPA are considering the appropriate next steps in this case. Environmental Petitioners and EPA now request that the Court hold this case in abeyance for a further ninety days. Continuing to hold this case in abeyance for a period of ninety

days will conserve the resources of the parties and the Court and will not prejudice any party, as it is unopposed.

9. Accordingly, Environmental Petitioners and EPA respectfully request that the Court grant this unopposed motion and continue to hold this case in abeyance, with new motions to govern due ninety days from the date of the Court's order.

DATED: January 6, 2025          Respectfully submitted,

/s/ Jim Pew (w/permission)      /s/ Patton Dycus (w/permission)
James S. Pew                    Patton Dycus
Earthjustice                    Environmental Integrity Project
1001 G Street, NW               316 South 6th Ave.
Suite 1000                      Bozeman, MT 59715
Washington, DC 20001            (404) 446-6661
(202) 667-4500                  pdycus@environmentalintegrity.org
ngormley@earthjustice.org
jpew@earthjustice.org           Eric Schaeffer
                                Environmental Integrity Project
*Counsel for Clean Air Council* 1000 Vermont Ave., NW, Ste. 1000
*and Downwinders at Risk*       Washington, DC 20005
                                (202) 296-8800
                                eschaeffer@environmentalintegrity.org

                                *Counsel for Chesapeake Climate*
                                *Action Network and Environmental*
                                *Integrity Project*


                                Todd Kim
                                Assistant Attorney General

                                  /s/ Redding Cofer Cates

6

Redding Cofer Cates
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(T) (202) 514-2617
redding.cates@usdoj.gov

*Counsel for EPA*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Counsel hereby certifies, in accordance with Federal Rules of Appellate Procedure 32(g)(1) and 27(d)(2)(A), that the foregoing **Joint Unopposed Motion To Govern Future Proceedings** contains 907 words, as counted by counsel's word processing system, and thus complies with the 5,200 word limit.

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) & (a)(6) because this document has been prepared in a proportionally spaced typeface using size 14 Century Schoolbook font.

                                                  DATED: January 6, 2025

                                                  s/*Redding Cofer Cates*
                                                  Redding Cofer Cates